VILLANTI, Judge.
The State appeals the trial court’s order suppressing cocaine found during a search of Michael Gentry. It contends that the trial court improperly considered Gentry’s individual mental state when determining whether his encounter with the police constituted a seizure without reasonable suspicion. We agree and reverse the order suppressing the cocaine.
After an encounter with the police, Gentry was arrested and charged with one count of possession of cocaine. He subsequently filed a motion to suppress the cocaine, contending that it was obtained during an unlawful search. At the hearing on Gentry’s motion, the evidence showed that Gentry was working off charges as an informant for the City of Tampa Police in February and March 2008. He had not been told whether his work for the police was complete. In early April 2008, a City of Tampa police officer saw Gentry leaving a bar that was known for drug activity, and that officer radioed fellow officer Miles and asked him to try to talk to Gentry. Miles admitted that neither he nor the officer who saw Gentry leaving the bar had either reasonable suspicion for a stop or probable cause for a search of Gentry.
Miles testified that he found Gentry riding his bicycle not far from the bar. Miles pulled his patrol car alongside Gentry and asked Gentry to speak with him. According to Miles, Gentry stopped and agreed to talk to him. Miles testified that he asked Gentry for consent to search his person, *391 and Gentry consented. Miles then removed Gentry’s baseball hat and found cocaine in the inside rim. Miles testified that before the search Gentry “was more than free to leave.”
Gentry testified that when Miles pulled up next to him, Miles’s cruiser blocked Gentry’s path. Therefore, according to Gentry, he was unable to simply ride away. Gentry testified that Miles got out of his cruiser, asked Gentry if he would consent to be searched, and then immediately reached up and pulled off Gentry’s hat before he could answer. Gentry specifically denied consenting to be searched, noting that he had been an addict for twenty years and therefore was “not new to this.” Gentry testified that he did not feel free to leave because Miles had blocked his path with the cruiser, and a fence and a sidewalk blocked any other way around the cruiser.
In its order granting Gentry’s motion, the trial court found Miles’s testimony concerning the events surrounding his encounter with Gentry to be credible. However, the trial court also found that Gentry “reasonably believe[d] that he was required to comply with [Miles]’s request to talk and submit to the search” due to Gentry’s status as an informant for the City of Tampa Police. Based on these findings, the trial court concluded that Gentry’s belief that he was required to cooperate transformed the otherwise consensual encounter into a seizure that was not supported by reasonable suspicion and that Gentry’s consent was a product of that illegal seizure. Thus, the trial court suppressed the cocaine seized during the search. The State now appeals this ruling.
When considering a trial court’s ruling on a motion to suppress, this court must accept the trial court’s resolution of factual conflicts so long as that resolution is supported by evidence in the record. See, e.g., Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); E.B. v. State, 866 So.2d 200, 202 (Fla. 2d DCA 2004). We then review the trial court’s legal conclusions based on these facts de novo. See Ornelas, 517 U.S. at 699, 116 S.Ct. 1657.
Here, because the trial court found Miles’s testimony credible, we must accept his testimony that he pulled alongside Gentry, that he did not block Gentry’s path, and that Gentry agreed to speak with him and consented to be searched. The crucial issue is whether those facts establish a consensual encounter or an unlawful seizure. The trial court concluded that an unlawful seizure had occurred because of Gentry’s belief that he, as an informant for the City of Tampa Police, had to cooperate with any City of Tampa police officer he encountered. However, the Supreme Court has held that “a person has been ‘seized’ within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.” United States v. Mendenhall, 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980) (emphasis added); see also California v. Hodari D., 499 U.S. 621, 628, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). The reasonable person standard is an objective, not subjective, standard. Thus,
[t]he test’s objective standard-looking to the reasonable man’s interpretation of the conduct in question-allows the police to determine in advance whether the conduct contemplated will implicate the Fourth Amendment. This “reasonable person” standard also ensures that the scope of Fourth Amendment protection does not vary with the state of mind of the particular individual being approached.
*392 Michigan v. Chesternut, 486 U.S. 567, 574, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988) (citation omitted).
Here, the trial court did not apply the objective reasonable person standard required by the Fourth Amendment in reaching its conclusion that the encounter between Miles and Gentry was an unlawful seizure. Instead, the trial court’s ruling is based on Gentry’s alleged subjective fears concerning his obligation to continue cooperating with the City of Tampa Police as an informant. We note that Gentry never testified to any such subjective fears. However, even if he had, the law is clear that these subjective fears would not have had any place in applying the “reasonable person” standard. Thus, the trial court applied the incorrect legal standard when deciding and granting Gentry’s motion.
We often remand for the trial court to reconsider an issue when the trial court has initially applied the incorrect legal standard. Here, however, the facts as found by the trial court do not support a finding that the encounter was anything other than a consensual one when considered under the correct legal standard, and there is no basis in the record for a remand for any additional fact finding. Accordingly, we simply reverse the order granting Gentry’s motion to suppress and remand for further proceedings consistent with this opinion.
Reversed and remanded for further proceedings.
NORTHCUTT, C.J., and WHATLEY, J., Concur.